UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BSN Electrical LLC,                                    Case No. 3:24-cv-717

                   Plaintiff,

        v.                                             MEMORANDUM OPINION
                                                       AND ORDER

Guardian Water & Power, et al.,

                   Defendants.

## I.     BACKGROUND

Pro se plaintiff BSN Electrical LLC filed this breach of contract action against Guardian Water & Power and Chris Apostolos. (Doc. No. 1). Plaintiff seeks monetary relief.

Plaintiff filed a very brief complaint alleging "nonpayment of contract of [April 19, 2022]" against Defendants for a job that was purportedly performed in Los Angeles at the Ritz-Carlton Hotel. (*Id.* at 4). In its request for relief, Plaintiff lists the contract amount of $59,741.25 and "damages" of $42,000.

The Complaint also lists Robert Neal in the "Parties" section of the Complaint, and it appears that Robert Neal and Stephanie Neal signed the Complaint. Mr. Neal filed an application to proceed in this action *in forma pauperis*. (Doc. No. 2).

## II.     STANDARD

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). I am expressly required,

however, under 28 U.S.C. § 1915(e)(2), to screen all *in forma pauperis* actions and to dismiss before service any such action that fails to state a claim upon which relief may be granted or that lacks an arguable basis in law or fact. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

When reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197). I am not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

### III. ANALYSIS

As an initial matter, BSN Electrical LLC cannot proceed *pro se* in federal court. "Parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The statute, however, does not allow corporations, limited liability companies, partnerships, or associations to appear *pro se* in federal court. They must appear through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201 (1993) ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder."). Nothing in the record suggests Mr. Neal is a licensed attorney. He therefore cannot represent BSN Electrical in this action.

Furthermore, Mr. Neal lacks standing to raise claims asserted in this Complaint on his own behalf. To have standing to assert a claim, the party must assert his own legal rights and interests

and he cannot rest his claim to relief on the legal rights or interests of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985).  As best I can discern from the very few facts alleged, it appears that Plaintiff alleges Defendants breached a contract with BSN Electrical LLC.  Mr. Neal has not alleged facts to suggest that he was a party to the contract or that any of his legal interests are at stake.   merely listed "Robert Neal/BSN Electrical LLC" in the "Parties" section of the Complaint and signed the Complaint.  The fact that he may be collaterally affected by the adjudication of BSN Electrical LLC's rights does not necessarily extend standing to him.  *Allstate*, 760 F.2d at 692.

Finally, Mr. Neal filed an application to proceed *in forma pauperis*. (Doc. No. 2).  An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015).  But, only natural persons—not artificial entities like corporations or associations—may proceed without prepaying filing fees on grounds of indigency. *See Rowland*, 506 U.S. at 201-06; *see also* 28 U.S.C. § 1915(a) ("[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a *person* who submits an affidavit that includes a statement of all assets such . . . that the person is unable to pay such fees or give security therefor.") (emphasis supplied).

Here, BSN Electrical LLC is identified in the caption and in the context of the Complaint as the plaintiff, not Mr. Neal.  As a limited liability company, the plaintiff may not proceed without prepaying the filing fee.

### IV.    CONCLUSION

For these reasons, I deny Mr. Neal's motion for leave to proceed *in forma pauperis*, and I dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B) without prejudice.  Further, I

certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge